Nshan SARGSYAN, Petitioner,

v.

Alberto R. GONZALES, Attorney General, Respondent.

No. 05–74134.

United States Court of Appeals, Ninth Circuit.

Submitted Dec. 4, 2006.*

Filed Dec. 12, 2006.

Vadim Yuzefpolsky, Esq., Law Offices of Vadim Yuzefpolsky, Glendale, CA, for Petitioner.

CAC–District Counsel, Esq., Ronald E. Lefevre, Chief Counsel, Office of the District Counsel Department of Homeland Security, Los Angeles, CA, Jennifer L. Lightbody, Esq., Office of the District Counsel Department of Homeland Security, San Francisco, CA, Kelle S. Acock, Esq., U.S. Department of Justice, Washington, DC, for Respondent.

Before: GOODWIN, LEAVY and FISHER, Circuit Judges.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

**MEMORANDUM \*\***

Nshan Sargsyan, a native of Syria and citizen of Armenia, petitions for review of the Board of Immigration Appeals' order affirming without opinion an immigration judge's ("IJ") decision denying his applications for asylum, withholding of removal and protection under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence the agency's denial of asylum, *see Chebchoub v. INS,* 257 F.3d 1038, 1042 (9th Cir.2001), and review de novo due process claims, *see Colmenar v. INS,* 210 F.3d 967, 971 (9th Cir.2000). We deny the petition for review.

As the IJ noted, Sargsyan's testimony regarding his arrest in May 1998 was both internally inconsistent and inconsistent with his asylum application. For example, Sargsyan testified inconsistently as to whether he was alone in police custody, whether he was taken to a prison after his initial arrest and when an where he was interrogated. The IJ further noted a discrepancy between Sargsyan's testimony and his application about the extent of his alleged participation in a July 2001 demonstration. Because these inconsistencies go to the heart of Sargsyan's asylum claim, substantial evidence supports the IJ's adverse credibility determination. *See id.* at 1043. Accordingly, Sargsyan failed to demonstrate eligibility for asylum and withholding of removal. *See Farah v. Ashcroft,* 348 F.3d 1153, 1156 (9th Cir. 2003).

Because Sargsyan's CAT claim is based on the same testimony that the IJ found not credible, and he points to no other evidence the IJ should have considered, his CAT claim also fails. *See id.* at 1157.

Because Sargsyan testified that he was born in Syria, the IJ did not err in designating Syria as an alternate country of removal. *See* 8 U.S.C. § 1231(b)(2)(E)(iv).

Sargsyan's contention that the IJ denied him his right to a fair hearing by an impartial adjudicator is unavailing because he did not demonstrate that the IJ prevented him from reasonably presenting his case, or that the outcome of his case was affected. *See Halaim v. INS*, 358 F.3d 1128, 1136 (9th Cir.2004) (petitioner must show prejudice to prevail on due process claim).

**PETITION FOR REVIEW DENIED.**

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.